JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1806 AG (JPRx) | Date | October 18, 2012 |
|---|---|---|---|
| Title | FURMAN TRUST # 8432, SOUTHLAND HOMES REAL ESTATE AND INVESTMENT AS TRUSTEE v. JAMES TRANS, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |

**Proceedings:**   **[IN CHAMBERS] ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Furman Trust # 8432, Southland Homes Real Estate and Investment as Trustee ("Plaintiff") filed an unlawful detainer action against Defendants James Trans, Jamie Trans, and Thuy Tran ("Defendants") in state court. On October 17, 2012, Defendants filed a Notice of Removal, an ex parte application for a temporary restraining order ("Application"), and a Notice of Objection to Sheriff's Eviction ("Notice of Objection"). For the reasons that follow, the Court REMANDS the case to state court and declines to rule on the Application or the Notice of Objection.

Plaintiff's Complaint states a simple state cause of action for unlawful detainer. Defendants' Notice of Removal appears to argue that jurisdiction is proper based on diversity jurisdiction, but this argument fails for two reasons. First, Defendants have failed to assert the citizenship of either party. *See Kanter v. Warner-Lamert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001) ("Failure to specify [a party's] state citizenship [is] fatal to [an] assertion of diversity jurisdiction.").

Second, Defendants have failed to establish that the amount in controversy exceeds

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1806 AG (JPRx) | Date | October 18, 2012 |
|---|---|---|---|
| Title | FURMAN TRUST # 8432, SOUTHLAND HOMES REAL ESTATE AND INVESTMENT AS TRUSTEE v. JAMES TRANS, et al. | | |

$75,000.  When the plaintiff has pled less than the jurisdictional amount, a removing defendant must establish "to a legal certainty that the amount in controversy exceeds the statutory minimum."  *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007).  Defendants appear to argue that more than $75,000 is in controversy because Plaintiff wrongfully foreclosed on Defendants' property and the property is valued at more than $75,000.  But Plaintiff's Complaint clearly seeks only possession of the property and damages at the rate of $83.33 per day, beginning on September 19, 2012, for a total of less than $10,000.  Defendants have thus not proved "to a legal certainty" that the amount in controversy exceeds $75,000.  *Lowdermilk*, 479 F.3d at 999.

Further, in unlawful detainer actions, "[s]peedy adjudication is desirable to prevent subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property."  *Lindsey v. Normet*, 405 U.S. 56, 73 (1972).  Improper removal of unlawful detainer cases harms the concerns stated in *Lindsey*.  Defendants are cautioned not to improperly seek federal jurisdiction, particularly for delay.  *See Newman & Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005) (finding that a removal was "frivolous and unwarranted," but declining to order sanctions against the removing party "because she [was] pro se," though warning her "that the filing of another frivolous paper with the Court may result in monetary sanctions under Rule 11").

**DISPOSITION**

Defendants fail to establish that federal jurisdiction exists over this case.  Thus, the case is REMANDED to the appropriate state court.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1806 AG (JPRx) | Date | October 18, 2012 |
|---|---|---|---|
| Title | FURMAN TRUST # 8432, SOUTHLAND HOMES REAL ESTATE AND INVESTMENT AS TRUSTEE v. JAMES TRANS, et al. | | |

: 0

Initials of Preparer

lmb